UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
LUIS TORO, *on behalf of himself and all others similarly*             :
*situated*,                                                            :
                                                                       :
                              Plaintiff,                               :    23 Civ. 3006 (JPC)
                                                                       :
            -v-                                                        :    ORDER
                                                                       :
BODEGA, LLC,                                                           :
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On May 8, 2023, Plaintiff served Defendant with copies of the Summons and Complaint. Dkt. 5. Defendant failed to meet its May 30, 2023 deadline to respond to the Complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Accordingly, on May 31, 2023, the Court adjourned *sua sponte* Defendant's response deadline to June 7, 2023, and ordered Plaintiff to request a certificate of default by June 9, 2023, if Defendant failed to answer. Dkt. 6. On June 7, 2023, Plaintiff filed a deficient request for a certificate of default and failed to correct the deficiencies identified by the Clerk of Court by June 9, 2023. *See* Dkts. 7-8. The Court thus ordered Plaintiff to address the deficiencies by June 14, 2023, warning that failure to do so could result in dismissal of the case for failure to prosecute. Dkt. 9. Plaintiff failed to do so.

On June 21, 2023, the Court extended *sua sponte* Plaintiff's deadline to request a certificate of default to June 22, 2023, this time cautioning that failure to comply with the Court's order *would* result in dismissal of the case. Dkt. 11. Plaintiff complied, Dkt. 12, and the Court thereafter ordered Plaintiff to move for default judgment by July 6, 2023. Dkt. 15. Plaintiff failed to do so, and the Court thus adjourned the deadline to July 14, 2023, as a "one-time courtesy," warning yet again that failure to comply with the Court's order could result in dismissal of the case. Dkt. 16. On July

10, 2023, Defendant finally appeared in the case, and that same day the parties filed a joint request for a sixty-day stay. Dkt. 18. The Court granted the request and extended Defendant's deadline to respond to the Complaint to September 15, 2023. Dkt. 19. Defendant failed to answer by that deadline.

On January 26, 2024, the Court ordered Plaintiff to move for default judgment by February 2, 2024, warning that, given Plaintiff's repeated noncompliance with the Court's orders, failure to comply *would* result in dismissal of the matter for failure to prosecute. Dkt. 20. Once again, Plaintiff failed to comply.

When, as here, a plaintiff has failed to prosecute his case or comply with court orders, a court may dismiss the case under Federal Rule of Civil Procedure 41(b). *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute . . . ."); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996) ("Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action when a plaintiff fails to comply with any order of the court."). Courts must consider five factors in deciding whether to dismiss a case under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Here, the five factors point toward dismissing Plaintiff's case without prejudice. First, Plaintiff has failed to comply with several of the Court's orders. *See Sanders v. Ramos*, No. 12 Civ. 5302 (GBD) (JCF), 2013 WL 594229, at *1 (S.D.N.Y. Feb. 14, 2013) (dismissing case under Rule

41(b) because the "[p]laintiff ha[d] failed to comply with three court orders . . . and was put on notice that failure to comply could result in dismissal"). Second, the Court warned Plaintiff multiple times that failure to comply would result in the case being dismissed without prejudice. *See* Dkts. 9, 11, 16, 20. Third, the Court may presume prejudice when a plaintiff's delay is "lengthy and inexcusable." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004). "The delay here i[s] inexcusable: Plaintiff has not complied with the Court's directives and has not taken any steps to advance this matter despite multiple Orders directing him to do so." *Urgiles v. Dep't of Corr. of New York State*, No. 20 Civ. 4373 (PMH), 2021 WL 3682238, at *3 (S.D.N.Y. Aug. 19, 2021). Fourth, after balancing the need to alleviate court congestion with Plaintiff's right to due process, the Court has determined that dismissal is appropriate. "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Id.* (quotations and alteration omitted). And lastly, fifth, the Court has further considered the possibility of a less drastic sanction than dismissal; indeed, the Court granted Plaintiff an additional chance to comply with the Court's orders as a less drastic sanction than dismissal, even after multiple failures to comply with prior orders. However, "[P]laintiff appears to have abandoned the litigation, [so] dismissal is appropriate." *Id.*

The Court therefore dismisses this case without prejudice. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: February 26, 2024
New York, New York

JOHN P. CRONAN
United States District Judge